NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3677
_____

IAN JOBE, Husband; CATHERINE JOBE, Wife,
                                                              Appellants

v.

ARGENT MORTGAGE COMPANY, LLC
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civial Action No. 06-cv-00697
(Honorable Thomas I. Vanaskie)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 22, 2010
Before: SCIRICA, Chief Judge, JORDAN and STAPLETON, Circuit Judges

(Filed: April 2, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM.

    Plaintiffs husband and wife Ian and Catherine Jobe, proceeding pro se, appeal the

order of the District Court entering judgment in favor of defendant Argent Mortgage

Company, LLC.  For the following reasons, we will affirm.

I.

This action arises out of the plaintiffs' attempt to rescind a mortgage obligation incurred when they refinanced their home in 2005. They allege that they did not receive two copies of the "Notice of Right to Cancel" ("Notice") at the closing, as the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., requires. They seek a declaratory judgment affirming their withdrawal from the contract and to quiet title to their property. They also seek statutory damages in the amount of $300,000.

At the March 25, 2005 closing on the loan, plaintiffs signed numerous documents, including the Notice, which provided them the right to cancel the transaction until March 30, 2005, and an "Importance Notice to Borrower(s)," in which they expressly acknowledged receiving a full and complete set of loan documents. Plaintiffs stopped making any payments in July 2005. In February 2006, plaintiffs wrote to defendant stating that were rescinding the mortgage; defendant denied the attempted rescission. Plaintiffs filed suit in April 2006. Both parties moved for summary judgment. The District Court partially granted defendant's motion, finding that plaintiffs' statutory claim for damages was untimely. Following a bench trial, the District Court denied plaintiffs' remaining claims. Plaintiffs timely appealed.

II.

We have jurisdiction under 28 U.S.C. § 1291. Following a bench trial, we review a District Court's findings of fact for clear error and exercise plenary review over its

conclusions of law. <u>Am. Soc'y for Testing and Materials v. Corrpro Cos.</u>, 478 F.3d 557, 566 (3d Cir. 2007).

In reviewing a District Court's grant of summary judgment, we apply the same test the District Court applied. <u>Saldana v. Kmart Corp.</u>, 260 F.3d 228, 231 (3d Cir. 2001). Summary judgment is proper when, viewing the evidence in the light most favorable to the non-moving party and drawing all inferences in that party's favor, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. <u>Id.</u> at 232; Fed. R. Civ. P. 56(c). The party opposing summary judgment "may not rest upon the mere allegations or denials of the . . . pleading," but "must set forth specific facts showing that there is a genuine issue for trial." <u>Saldana</u>, 260 F.3d at 232 (citing Fed. R. Civ. P. 56(e); <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986)).

III.

A. <u>Compliance with TILA</u>

A creditor is required to provide two copies of the notice of the right to rescind to each consumer entitled to rescind. 12 C.F.R. § 226.23(b)(1) (2009). Plaintiffs contend that defendant's failure to comply with this regulation triggered their right to rescind. <u>See</u> 12 C.F.R. § 226.23(a). Plaintiffs acknowledge, however, that they each signed the Notice, which creates a rebuttable presumption of delivery of the two copies. 15 U.S.C. § 1635(c) ("written acknowledgment of receipt of any disclosures under [TILA]...create(s) a rebuttable presumption of delivery thereof"). Plaintiffs offered their testimony that

3

defendant failed to provide them with two copies each of the Notice as rebuttal evidence, but did acknowledge receiving at least one copy each.[1] The closing agent testified that he always followed all applicable procedures and provided the relevant number of copies to borrowers at closings.

Where a borrower's testimony is self-serving and unreliable, such testimony has been found insufficient to rebut a presumption of delivery. See, e.g., Williams v. First Gov't Mortgage & Investors Corp., 225 F.3d 738, 751 (D.C. Cir. 2000). The District Court noted that plaintiffs have a compelling motive to claim that they did not receive the two copies, and that they stopped making payments on the loan six months before they attempted to rescind the mortgage obligation. The court found their deposition testimony "plainly obstructive," and found the closing agent's testimony credible. We find no clear error in the District Court's conclusions and agree that plaintiffs failed to rebut the presumption that they received the requisite copies.

B. Rescission Inappropriate

Plaintiffs claim that they had three years to rescind their obligation. See 12 C.F.R. § 226.23(a)(3) (the right to rescind expires three years after consummation where the required notice or material disclosures are not delivered). Pursuant to 15 U.S.C. § 1635(b), courts have the "discretion to condition rescission on tender by the borrower of

_____

[1] At their depositions, plaintiffs testified that they could not remember what was given to them at the closing, and they refused to acknowledge that their signatures appeared on the Notice.

the property he has received from the lender." Ljepava v. M.L.S.C. Props, Inc., 511 F.2d 935, 944 (9th Cir. 1975). Other courts have denied rescission where the borrowers were unable to tender payment of the loan amount. See American Mortgage Network, Inc. v. Shelton, 486 F.3d 815, 819 (4th Cir. 2007); Yamamoto v. Bank of New York, 329 F.3d 1167, 1173 (9th Cir. 2003); Williams v. Homestake Mortgage Co., 968 F.2d 1137, 1140 (11th Cir. 1992).

Here, plaintiffs testified that they are unable to repay the loan advanced to them, and they have not made any payments for more than four years. Accordingly, the District Court properly found that, even assuming plaintiffs' testimony regarding the Notice was credible, they would not be able to rescind the mortgage obligation because they are unable to return the money defendant advanced to them in reliance on their performance under the contract.

C. Quiet Title

The District Court properly denied plaintiffs' claim to quiet title. An action to quiet title may be brought "to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land." Pa.R.C.P. 1061(b)(3). Because they cannot validly rescind their mortgage, there is no basis for the quiet title claim.

5

D. Statutory Damages

Finally, plaintiffs argue that their complaint was timely filed and that the District Court erred in granting defendant's motion for summary judgment on their claim for statutory damages. They argue for the first time on appeal that defendant failed to correctly disclose the interest rate on the loan at the closing, and that they first learned of the rate when they received the first monthly statement. This argument need not be considered here because plaintiffs did not assert it in the District Court. See Brown v. Phillip Morris, Inc., 250 F.3d 789, 799 (3d Cir. 2001) ("arguments asserted for the first time on appeal are deemed waived and consequently are not susceptible of review in this Court absent exceptional circumstances"). A claim for statutory damages under TILA must be brought "within one year from the occurrence of the violation." 15 U.S.C. § 1640(3). The alleged violation in the complaint–defendant's failure to provide two copies to each plaintiff at the March 25, 2005 closing–occurred more than one year prior to the April 6, 2006 filing. Accordingly, the District Court properly concluded that defendant was entitled to judgment in its favor on this claim.

IV.

For the foregoing reasons, we will affirm the District Court's judgment.